IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.

AMERICAN RESIDENTIAL
EQUITIES, LLC,

Plaintiff,

v.

GMAC MORTGAGE, LLC,
successor by merger to GMAC
Mortgage Corporation,

Defendant.
______________________________/

**COMPLAINT**

Plaintiff, American Residential Equities, LLC ("ARE"), sues Defendant, GMAC Mortgage, LLC, successor by merger to GMAC Mortgage Corporation ("GMACM"), and states:

**Parties, Jurisdiction, and Venue**

1. This is an action for damages for breach of contract and for specific performance of a contract.

2. ARE is a Delaware limited liability company with its principal place of business in Miami, Florida.

3. GMACM is a Delaware limited liability company with its principal place of business in Horsham, Pennsylvania.

4. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332 because ARE and GMACM are diverse in citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest, fees, and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because (i) a substantial part of the events or omissions giving rise to the causes of action herein occurred in the Southern District of Florida; and (ii) the impact of GMACM's misconduct occurred in the Southern District of Florida.

## General Allegations

6. ARE is in the business of acquiring, holding and ultimately liquidating pools of non-performing residential mortgage loans which are secured by real property (the "Mortgaged Properties").

7. Upon acquiring such mortgage loans, ARE typically retains a company to "service" the loans, *i.e.*, hold the loan files and mortgage loan documents; communicate with the borrowers; collect mortgage payments; administer, carry out and advance payments for the lender's obligations under the mortgage loan documents; ensure that the Mortgaged Properties are inspected, maintained, and insured; ensure that the borrowers' obligations under the mortgage loan documents are carried out; initiate collection activity, including but not limited to, mortgage foreclosure proceedings upon borrowers' defaults; acquire and subsequently sell Mortgaged Properties recovered through foreclosure proceedings ("REO Properties"); and remit payments and report to the lender in connection with the Mortgaged Properties.

**ARE Retains GMACM as a Servicer**

8. GMACM is in the business of, among other things, servicing mortgage loans.

9. On or about July 29, 2004, ARE and GMACM entered into a Servicing Agreement pursuant to which GMACM agreed to service ARE's mortgage loans (the "Mortgage Loans"). A copy of the Servicing Agreement is attached as Exhibit 1.

10. The Servicing Agreement was subsequently amended by amendments dated January 1, 2006, February 1, 2007, May 31, 2007, April 10, 2008, and February 6, 2009, copies of which are attached as composite Exhibit 2.[1]

**GMACM Fails to Properly Service the Mortgage Loans and REO Properties**

11. GMACM failed to comply with the terms of the Servicing Agreement and mismanaged the Mortgage Loans and REO Properties in numerous ways, including but not limited to:

(a) maintaining, inspecting and/or reporting on the wrong property securing the Mortgage Loans;

(b) failing to properly secure Mortgaged Properties and/or REO Properties from damage due to the elements and/or vandals;

(c) failing to properly maintain Mortgaged Properties and/or REO Properties, thereby subjecting them to violations of law and governmental fines;

(d) servicing Mortgaged Properties and/or REO Properties that were deemed a total loss as though they were in good condition;

(e) selling REO Properties in violation of the Servicing Agreement;

[1] The Servicing Agreement and Amendments are collectively referred to herein as the "Servicing Agreement."

(f) over-insuring Mortgaged Properties and/or REO Properties;

(g) failing to timely file insurance claims;

(h) failing to exclude ARE's assets from the Homeowner's Affordability and Stability Plan despite ARE's written demand to exclude its assets from the program; and

(i) failing to follow the approval matrix set forth in the Fourth Amendment to the Servicing Agreement.

12. In addition, GMACM continually refused or failed to timely provide required reports and other information requested by ARE on the Mortgage Loans, the Mortgaged Properties and/or the REO Properties.

**GMACM Purports to Terminate the Servicing Agreement**

13. On April 20, 2009, GMACM sent a letter to ARE purporting to terminate the Servicing Agreement, without cause, effective no later than July 31, 2009 (the "April 2009 Letter"). A true and correct copy of the April 2009 Letter is attached as Exhibit 3.

14. Less than two weeks later, on May 1, 2009, GMACM issued another letter to ARE, this time purporting to extend the termination date up to an additional four months, through November 30, 2009 (the "May 2009 Letter"). A true and correct copy of the May 2009 Letter is attached as Exhibit 4**.**

15. While the May 2009 Letter offered no explanation for the purported four-month extension, ARE learned that Georgia State Representative Joe Heckstall ("Rep. Heckstall") contacted GMACM regarding a mortgage loan to Rep. Heckstall's brother, Cornelius Heckstall (the "Heckstall Loan"). Rep. Heckstall requested GMACM to enter into a second modification of the Heckstall Loan after Cornelius Heckstall allegedly failed to comply with the first modification.

16. ARE had previously denied GMACM's multiple requests for a second modification of the Heckstall Loan in part because Cornelius Heckstall had failed to comply with the first modification, the terms of which were virtually identical to the proposed second modification.

17. Nevertheless, GMACM pressured ARE to approve the second modification. ARE reluctantly agreed to the second modification only after GMACM agreed to extend the purported termination date of the Servicing Agreement to enable ARE to arrange for a successor servicer.

**GMACM Refuses an Audit of its Books and Records**

18. In an effort to better understand the scope of GMACM's mismanagement of the Mortgage Loans and REO Properties, and to assess the amounts owed to it under the Servicing Agreement, ARE demanded an audit of GMACM's books and records relating to the Mortgage Loans and REO Properties pursuant to Section 4.06 of the Servicing Agreement.

19. GMACM refused ARE's demand for an audit.

20. GMACM told ARE not only that its books, records, and information on ARE's Mortgage Loans and REO Properties would not be made available, but that ARE's auditors would not be allowed inside GMACM's buildings.

**GMACM fails to follow Transfer Instructions**

21. On April 1, 2010, pursuant to Section 6.0 of the Servicing Agreement, ARE sent GMACM a letter demanding that it cease servicing the Mortgage Loans and REO Properties immediately. A copy of the April 1, 2010 letter is attached as Exhibit 5.

22. The April 1, 2010 letter also set forth, pursuant to Sections 6.02 and 7.01 of the Servicing Agreement, specific instructions for transferring the servicing files on the Mortgage Loans and REO Properties (the "Servicing Files") to Acqura Loan Services ("ALS"), the successor servicer.

23. Sections 6.02 and 7.01 of the Servicing Agreement, as well as the April 1, 2010 letter, required that GMACM deliver to ALS, as the successor servicer, all Mortgage Loan files and related documents in connection with the Servicing Files.

24. GMACM failed to furnish complete mortgage files to ALS pursuant to the Servicing Agreement and the transfer instructions by ARE in its April 1, 2010 letter, and failed to pay ARE the April, 2010 remittance pursuant to Section 3.01 of the Servicing Agreement.

**COUNT I**
**(Breach of Contract)**

25. ARE realleges Paragraphs 1 through 24.

26. This is an action for breach of contract based upon GMACM's failure to comply with the terms of the Servicing Agreement.

27. ARE has performed all of its obligations under the Servicing Agreement.

28. GMACM has breached the Servicing Agreement by:

(a) maintaining, inspecting and/or reporting on the wrong property securing the Mortgage Loans;

(b) failing to properly secure Mortgaged Properties and/or REO Properties from damage due to the elements and/or vandals;

(c) failing to properly maintain Mortgaged Properties and/or REO Properties, thereby subjecting them to violations of law and governmental fines;

(d) servicing Mortgaged Properties and/or REO Properties that were deemed a total loss as though they were in good condition;

(e) selling REO Properties in violation of the Servicing Agreement;

(f) over-insuring Mortgaged Properties and/or REO Properties;

(g) failing to timely file insurance claims;

(h) failing to exclude ARE's assets from the Homeowner's Affordability and Stability Plan despite ARE's written demand to exclude its assets from the program;

(i) failing to follow the approval matrix set forth in the Fourth Amendment to the Servicing Agreement;

(j) failing to timely provide ARE with required reports and properly requested information relating to the Mortgage Loans and REO Properties;

(k) failing to comply with ARE's demand for an audit pursuant to Section 4.06 of the Servicing Agreement;

(l) failing to furnish complete mortgage files to ALS pursuant to the Servicing Agreement and the transfer instructions by ARE in its April 1, 2010 letter, adversely affecting ALS's ability to service the Mortgage Loans and REO Properties; and

(m) failing to pay ARE the April, 2010 remittance pursuant to Section 3.01 of the Servicing Agreement.

29. As a direct and proximate result of GMACM's breaches of the Servicing Agreement, ARE has been damaged.

WHEREFORE, Plaintiff, ARE Residential Equities, LLC, requests the Court to enter judgment in its favor and against Defendant, GMAC Mortgage, LLC, successor by merger to GMAC Mortgage Corporation for: (i) compensatory damages; (ii) prejudgment and post-judgment interest; (iii) attorney's fees and costs; and (iv) for such other relief as it deems just and proper.

**COUNT II**
**(<u>Specific Performance</u>)**

30. ARE realleges Paragraphs 1 through 24.

31. This is an action for specific performance to compel GMACM to comply with Section 4.06 of the Servicing Agreement, which expressly provides ARE the right to audit GMACM's books and records relating to the Servicing Files and Mortgage Loans:

> The Owner shall have the right to examine and audit any and all of the books, records, or other information of the Servicer, whether held by the Servicer or by another on its behalf, with respect to or concerning this Agreement or the Mortgage Loans, during normal business hours or as otherwise acceptable to the Servicer, upon reasonable advance notice; provided that the Owner shall not so audit more than once per quarter.

32. GMACM has exclusive possession, custody, and control of the books and records relating to the Servicing Files and the Mortgage Loans.

33. GMACM has prohibited ARE from accessing GMACM's books and records and has refused ARE's demand for an audit under the terms of the Servicing Agreement.

34. GMACM's actions in refusing to allow ARE access to its books and records demonstrate that GMACM will not voluntarily participate in an audit absent Court intervention.

35. ARE has fully performed its obligations under the Servicing Agreement to be entitled to the audit, and remains ready, willing, and able to perform the audit pursuant to the Servicing Agreement.

WHEREFORE, Plaintiff, American Residential Equities, LLC, requests the Court to enter judgment in its favor and to compel Defendant, GMAC Mortgage, LLC, successor by merger to GMAC Mortgage Corporation, to allow American Residential Equities, LLC to audit the books and records relating to the Servicing Files and Mortgage Loans, and to award it attorneys' fees and costs and such further relief as the Court deems just and proper.

DATED: June 11, 2010.

*/s/ Alan Rosenthal*__________
Alan Rosenthal
Florida Bar No. 220833
arosenthal@carltonfields.com
Natalie J. Carlos
Florida Bar No. 0146269
ncarlos@carltonfields.com
Carlton Fields, P.A.
Suite 4200
Miami Tower
100 S.E. Second Street
Miami, Florida 33131
Telephone: 305-530-0050
Facsimile: 305-530-0055