IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 10-21943-CIV-GOLD/MCALILEY

AMERICAN RESIDENTIAL
EQUITIES, LLC,

Plaintiff,

v.

GMAC MORTGAGE, LLC,
successor by merger to GMAC
Mortgage Corporation,

Defendant.
______________________________/

# JOINT CONFERENCE REPORT

Plaintiff, American Residential Equities, LLC ("ARE") and Defendant, GMAC Mortgage, LLC ("GMACM"), pursuant to the Court's Order Requiring Compliance with Local Rule 16.1 of the United States District Court for the Southern District of Florida, submit this Joint Conference Report based on a proposed trial date of **October 1, 2011**.

## A. Designation of Case Management Track

The parties agree that the case management track should be designated as Standard.

## B. Statement of Jury or Non-Jury Trial

This is a non-jury trial. The parties estimate that the trial will last between 7-10 days.

## C. A short, plain statement of the nature of the claim:

ARE is in the business of acquiring, holding and ultimately liquidating pools of non-performing residential mortgage loans which are secured by real property. GMACM is in the business of, among other things, servicing mortgage loans. On or about July 29, 2004, ARE and

GMACM entered into a Servicing Agreement pursuant to which GMACM agreed to service ARE's mortgage loans and real properties. In the Complaint, ARE seeks damages against GMACM for breach of contract and specific performance under the Servicing Agreement for, among other things, failing to properly service the mortgage loans and real property, refusing ARE an audit of its books and records in connection with ARE's mortgage loans and real property, and failing to follow transfer instructions.

GMACM has asserted several counterclaims against ARE arising out of the Servicing Agreement and the dissolution of the parties' relationship. The Servicing Agreement provided that ARE would pay GMACM a servicing fee and reimburse GMACM for advances made and expenses incurred in connection with the servicing of the mortgages. GMACM seeks damages against ARE for breach of contract, unjust enrichment, breach of the implied duty of good faith and fair dealing, defamation, and conversion for, among other things, ARE's failure to reimburse GMACM for expenses incurred and advances made in connection with the servicing of the mortgage loans and ARE's disclosure of confidential and proprietary customer information in violation of the Servicing Agreement. GMACM also seeks injunctive relief prohibiting ARE from disclosing or disseminating to any third party any information relating in any way to customers and/or loans in accordance with the Servicing Agreement.

**D. <u>Uncontested or Stipulated Summary of Facts</u>:**

- ARE is a Delaware limited liability company with its principal place of business in Miami, Florida.
- GMACM is a Delaware limited liability company with its principal place of business in Horsham, Pennsylvania.
- Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332.
- Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

- ARE is in the business of acquiring, holding and ultimately liquidating pools of non-performing residential mortgage loans which are secured by real property.
- GMACM is in the business of, among other things, servicing mortgage loans.
- On or about July 29, 2004, ARE and GMACM entered into a Servicing Agreement.
- The Servicing Agreement was subsequently amended by amendments dated January 1, 2006, February 1, 2007, May 31, 2007, April 10, 2008, and February 6, 2009.

**E. <u>Brief Summary of the Issues as Presently Known:</u>**

ARE believes that the preliminary issues before the Court on the Complaint are (1) whether GMACM breached the Servicing Agreements by failing to properly service the mortgage loans and real property, refusing ARE an audit of its books and records in connection with ARE's mortgage loans and real property, and failing to follow transfer instructions; and (2) whether GMACM should be compelled by order of specific performance to allow ARE access to its books and records to conduct an audit of GMACM's servicing of ARE's loans and real property.

GMACM believes that the preliminary issues before the Court on the Counterclaim are (1) whether ARE should be liable for breach of contract, unjust enrichment, conversion and breach of the duty of good faith and fair dealing for, among other things, failing to reimburse GMACM for expenses incurred and advances made in connection with the servicing of the mortgage loans pursuant to the Servicing Agreement; (2) whether ARE should be liable for defamation for its false statements that GMACM systematically mismanaged loans and properties in ARE's portfolio, failed to complete activities required of mortgage servicing companies, disregarded ARE's instructions, ignored ARE's requests for reports, and jeopardized ARE's assets; and (3) whether ARE should be enjoined from disclosing confidential and proprietary customer information in violation of the Servicing Agreement.

**F. <u>List and Summary of Pending Motions:</u>**

ARE's Unopposed Motion for Extension of Time to Respond to Defendant's Answer and Counterclaim is pending. ARE will be filing motions to dismiss GMACM's Counterclaims and to strike several of its affirmative defenses to the Complaint.

GMACM anticipates filing within the next five (5) days a motion for temporary restraining order and preliminary injunction requesting ARE be enjoined from disclosing confidential and proprietary customer information in violation of the Servicing Agreement.

**G. <u>Progress of Discovery</u>**

Discovery has not commenced in the case.

**H. <u>Unique Legal or Factual Aspects</u>**

There are no unique legal or factual aspects of the case requiring special consideration by the Court.

**I. <u>References to a Special Master or Magistrate</u>**

Neither party believes there is a need to refer any matter to a special master or magistrate.

**J. <u>Early Case Management Conference</u>**

Neither party believes an early case management conference is necessary.

**K. <u>Likelihood of Settlement</u>**

There is no likelihood of settlement at the present time.

**L. <u>Manual on Complex Litigation</u>**

The Manual on Complex Litigation will not be necessary in this case.

**M. Disclosure Requirements:**

The parties agree that Federal Rule of Civil Procedure 26(a)(1)(4) applies to this case.

*s/ Alan Rosenthal*
Alan Rosenthal
Florida Bar No. 220833
arosenthal@carltonfields.com
Natalie J. Carlos
Florida Bar No. 0146269
ncarlos@carltonfields.com
Carlton Fields, P.A.
Suite 4200
Miami Tower
100 S.E. Second Street
Miami, Florida 33131-2114
Tel: (305) 530-0050
Fax: (305) 530-0055

Attorneys for Plaintiff, American Residential Equities, LLC

*s/ David Brian O'Dell*
David Brian O'Dell
Florida Bar No. 659665
bodell@babc.com
Ann T. Taylor
ataylor@babc.com
Florida Bar No. 0659665
Bradley Arant Boult Cummings LLP
1819 5th Avenue North
One Federal Place
Birmingham, Alabama 35203-2119
Tel: (205) 521-8226
Fax: (205) 488-6226

and

Christian W. Hancock
Florida Bar No. 0643521
Bradley Arant Boult Cummings, LLP
Bank of America Corporate Center
100 North Tyron Street, Suite 2690
Charlotte, North Carolina 28202
Telephone: 704-332-8842
Facsimile: 704-332-8858
chancock@babc.com

Attorneys for Defendant, GMAC Mortgage, LLC